UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kevin Smith, *a/k/a Bar-None Royal Blackness*,<br><br>                  Plaintiff,<br><br>vs.<br><br>Warren Barney Geise, Katherine Luck Campbell, R. Markley Dennis, Joseph A. Wilson, Renee Lee, Isaac Duffy Stone, Barbara A. Scott, Jeanette W. McBride, Alan Wilson, Richland County Grand Jurors, *In Their Official and Individual Capacities*,<br><br>                  Defendants. | C/A No. 3:16-3230-TMC-BM<br><br>**REPORT AND RECOMMENDATION** |

The Plaintiff, Kevin Smith, also known as Bar-None-Royal Blackness, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the Perry Correctional Institution, part of the South Carolina Department of Corrections (SCDC).

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act (PLRA), Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a

pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

## Discussion

Plaintiff has filed a Motion for Leave to Proceed in forma pauperis under 28 U.S.C. § 1915. ECF No. 2. However, Plaintiff is subject to the "three-strikes" rule of the PLRA, which provides:

> In no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it its frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The three-strikes rule was enacted to bar prisoners, such as the Plaintiff here, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil litigation without prepayment of the filing fee. This Court may take judicial notice[1] that in at least

---

[1] See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ["We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"].



2

three of the Plaintiff's prior *eighteen* non-habeas cases filed in this district since 1995, a "strike" has been entered because the civil actions were finally dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. See Smith v. Williams, No. 0:97-cv-1918-PMD-BM (D.S.C.)[granting defendants' motion for summary judgment, dismissing action as frivolous, and noting that the dismissal constituted a strike under the PLRA, appeal dismissed by Fourth Circuit Jan. 21, 1999]; Smith v. Rutherford, No. 0:97-1201-PMD-BM (D.S.C.)[granting defendants' motion for summary judgment, dismissing action as frivolous, and noting that the dismissal constituted a strike under the PLRA, Fourth Circuit affirmed June 11, 1999]; Smith v. Bessinger, No. 0:97-cv-0051-PMD-BM (D.S.C.)[dismissing case as malicious and frivolous pursuant to 28 U.S.C. § 1915(e)((2)(B) and noting that the dismissal constituted a strike under the PLRA, appeal dismissed by Fourth Circuit March 9, 1998]. "[T]he fact that an action was dismissed as frivolous, malicious, or failing to state a claim, and not the case's procedural posture at dismissal, determines whether the dismissal constitutes a strike under Section 1915(g)." Blakely v. Wards, 738 F.3d 607, 610 (4th Cir. 2013).

In light of Plaintiff's prior strikes, he cannot now proceed with the instant Complaint IFP unless his claim satisfies the exception for imminent danger of serious physical injury provided by the three-strikes rule. See 28 U.S.C. § 1915(g); Blakely v. Wards, 738 at 609; McLean v. United States, 566 F.3d 391, 397 (4th Cir. 2009); Green v. Young, 454 F.3d at 407. This Complaint does not fit within this exception to enable Plaintiff to proceed in forma pauperis because Plaintiff does not allege that he is in imminent danger of serious physical injury as a result of Defendants' actions or inactions. Courts have held that the "imminent danger" exception to § 1915(g)'s "three strikes" rule must be construed narrowly and applied only "for genuine emergencies," where "time is

3

pressing" and "a threat ... is real and proximate" to the alleged official misconduct. Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). As such, to satisfy the imminent danger element, Plaintiff must have alleged facts showing that he was in imminent danger at the time the complaint was filed; allegations that the prisoner has faced imminent danger in the past are insufficient to trigger the exception to section 1915(g). See Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006); Abdul–Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001).

The imminent danger exception in § 1915(g) "focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct." Johnson v. Warner, 200 F. App'x at 272 (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)). Vague, speculative, or conclusory allegations are insufficient to meet the exception to the three-strikes rule. Rather, the inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id.; Johnson v. Warner, 200 F. App'x at 272. Factual allegations that are remote, speculative, or hypothetical do not rise to the level of "imminent danger." See Welch v. Selsky, 2008 WL 238553 at *5 (N.D.N.Y., Jan.28, 2008) ["The imminent danger an inmate faces, moreover, must be real, and not merely speculative or hypothetical."]; see also White v. State of Colorado, 157 F.3d 1226, 1231–32 (10th Cir.1998) [vague or conclusory assertions of harm fail to raise a credible allegation of imminent danger].

Here, Plaintiff alleges that Defendants (former or current prosecutors, Plaintiff's attorney, a former and a current Richland County clerk of court, judges, and Richland County grand jurors involved in Plaintiff's criminal cases) violated his federal and state constitutional rights as well as South Carolina law. He alleges that the Defendants were deliberately indifferent to his



4

constitutional rights and that they illegally conspired, committed fraud, and committed perjury in their actions to obtain his criminal convictions (one count of assault and battery with intent to kill, two counts of assault and battery of a high and aggravated nature, and three counts of taking a hostage) for which he is currently serving sentences (totaling 83 years) with the SCDC.[2] Plaintiff further alleges that the Defendants' actions resulted in his being kidnaped and taken hostage. He claims that Defendants' actions in his criminal proceedings resulted in him being subjected to cruel and unusual punishment consisting of twenty-two years of solitary confinement, sensory deprivation, anxiety disorder, insomnia caused by nightmares from prison guard assaults, paranoia, fear, emotional distress, mental anguish, trauma, humiliation, loss of family members and friends, social disorder, panic attacks, muscle atrophy, fatigue and numerous life threatening physical ailments including high blood pressure and high cholesterol. Complaint, ECF No. 1 at 3-13.

---

[2]Plaintiff was convicted of these charges, pursuant to a jury trial, in June 1996. See Richland County Fifth Circuit Public Index, http://www5.rcgov.us/SCJDWEB/PublicIndex/CaseDetails.aspx?County=40&CourtAgency=40001&Casenum=D881410&CaseType=C; http://www5.rcgov.us/SCJDWEB/PublicIndex/CaseDetails.aspx?County=40&CourtAgency=40001&Casenum=D881411&CaseType=C; http://www5.rcgov.us/SCJDWEB/PublicIndex/CaseDetails.aspx?County=40&CourtAgency=40001&Casenum=D881412&CaseType=C; http://www5.rcgov.us/SCJDWEB/PublicIndex/CaseDetails.aspx?County=40&CourtAgency=40001&Casenum=D881421&CaseType=C; http://www5.rcgov.us/SCJDWEB/PublicIndex/CaseDetails.aspx?County=40&CourtAgency=40001&Casenum=D881422&CaseType=C; http://www5.rcgov.us/SCJDWEB/PublicIndex/CaseDetails.aspx?County=40&CourtAgency=40001&Casenum=D881509&CaseType=C [last visited Jan. 13, 2017]. The Court may take judicial notice of factual information located in postings on government web sites. See Tisdale v. South Carolina Highway Patrol, C/A No. 0:09–1009–HFF–PJG, 2009 WL 1491409, *1 n. 1 (D.S.C. May 27, 2009), aff'd 347 F. App'x 965 (4th Cir. Aug. 27, 2009); In re Katrina Canal Breaches Consolidated Litigation, No. 05–4182, 2008 WL 4185869 at * 2 (E.D.La. September 8, 2008)[noting that courts may take judicial notice of governmental websites including other courts' records]; Williams v. Long, 585 F.Supp.2d 679, 687–88 (D.Md. 2008)[noting that some courts have found postings on government web sites as inherently authentic or self-authenticating].



5

Plaintiff's allegations do not meet the imminent danger of serious physical injury requirement of § 1915(g). Any arguable danger of serious physical injury that might have arisen from Defendants' alleged wrongdoing obviously ended when Plaintiff was convicted on his criminal charges in 1996. See, e.g., Blakely v. White, No. 6:15-03782-MGL, 2015 WL 6549172 (D.S.C. October 26, 2015)[Prisoner not in any imminent danger from mayor, police detectives, and prosecutor where the alleged false arrest, kidnaping, false imprisonment, and conspiracy of the defendants seventeen years prior. "The mere fact that Plaintiff is in prison is insufficient to establish an imminent danger of serious physical injury."]. Because the alleged actions of the Defendants took place over twenty-one years ago, Plaintiff is not in imminent danger from Defendants' alleged wrongdoing. To the extent that Plaintiff is attempting to assert claims concerning his conditions of confinement, he has not alleged that any of the named Defendants have taken any of the alleged actions or inactions as to those conditions, and in any event the mere fact that Plaintiff is currently in prison is insufficient to establish an imminent danger of serious physical injury. General and vague allegations of harm and unspecific references to injury, even when liberally construed, are insufficient. See, e.g., Sutton v. Dist. Attorney's Office, of Gwinnett Superior Court, Georgia, 334 F. App'x 278, 279 (11th Cir. 2009)[finding that allegations by the plaintiff that his "'illegal sentence and convictions' ha[d] 'endangered his physical health' by 'causing him stress, anxiety, depression, and further his life is deteriorating'" was insufficient to invoke the "imminent danger" exception in § 1915(g)]. Therefore, to proceed with his Complaint, Plaintiff must pay the full filing fee.



6

## Recommendation

Accordingly, it is recommended that Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) be **denied**. To proceed with this Complaint, Plaintiff must pay the full filing fee (currently $350) plus the $50 administrative fee for a total fee due of $400.[3]

It is further recommended that the Court give Plaintiff fifteen (15) days from the date the United States District Judge rules on this Report and Recommendation (or a specific date determined by the United States District Judge) to pay the full $400 filing fee, in which event this matter can be returned to the undersigned magistrate judge to conduct a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A.[4] However, if Plaintiff fails to pay the full $400 filing fee within the time period set by the United States District Judge, or seek an extension of time to do so, it is further recommended that, by a self-executing Order or by additional Order of this District Court, the complaint be dismissed without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

January 17, 2017
Charleston, S.C.

Bristow Marchant
United States Magistrate Judge

---

[3]Effective May 1, 2013, the Judicial Conference added an administrative fee of $50 to the filing fee of $350. The $50 administrative fee is not applicable to in forma pauperis cases.

[4]Even if Plaintiff pays the filing fee, all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer, or employee are still subject to screening pursuant to 28 U.S.C. § 1915A. See Green v. Young, 454 F.3d 405, 407 (4th Cir. 2006). As such, if Plaintiff timely pays the filing fee, his Complaint will still be subject to review by the undersigned to determine if service of process should be authorized.

7



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

